01

02

03

04

05

06

07                           UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
08                                   AT SEATTLE

09  DIANE KAY WOOLERY,                        )
                                              )   CASE NO. C12-1980-JCC-MAT
10          Plaintiff,                        )
                                              )
11          v.                                )   REPORT AND RECOMMENDATION
                                              )   RE: SOCIAL SECURITY DISABILITY
12  CAROLYN W. COLVIN, Acting                 )   APPEAL
    Commissioner of Social Security,[1]       )
13                                            )
            Defendant.                        )
14  _____ )

15          Plaintiff Diane Kay Woolery proceeds through counsel in her appeal of a final decision

16  of the Commissioner of the Social Security Administration (Commissioner).        The

17  Commissioner denied plaintiff's applications for Supplemental Security Income (SSI) and

18  Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ).

19  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

20  record, the Court recommends that this matter be REMANDED for further administrative

21

22          1 Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as defendant in
    this suit.   Fed. R. Civ. P. 25(d)(1).

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -1

01 proceedings.

02 **FACTS AND PROCEDURAL HISTORY**

03 Plaintiff was born on XXXX, 1963.[2]  She attended school through the eighth grade

04 (AR 294, 311) and previously worked as a cook, motel cleaner, cocktail waitress, and sandwich

05 maker (AR 39, 69, 294).

06 Plaintiff filed applications for SSI and DIB in August 2010, alleging disability since

07 February 1, 2010.   (AR 253-66.)   Her applications were denied initially and on

08 reconsideration, and she timely requested a hearing.

09 ALJ Glenn G. Meyers held a hearing on April 19, 2012, taking testimony from plaintiff

10 and a vocational expert (VE).  (AR 47-80.)  On May 10, 2012, the ALJ rendered a decision

11 finding plaintiff not disabled.   (AR 30-41.)

12 Plaintiff again timely appealed.  The Appeals Council denied plaintiff's request for

13 review on September 27, 2012 (AR 1-3), making the ALJ's decision the final decision of the

14 Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

15 **JURISDICTION**

16 The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

17 **DISCUSSION**

18 The Commissioner follows a five-step sequential evaluation process for determining

19 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

20 must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had

21 _____

22 2 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -2

01  not engaged in substantial gainful activity since February 1, 2010, the alleged onset date.

02       At step two, it must be determined whether a claimant suffers from a severe impairment.

03  The ALJ found plaintiff's rheumatoid arthritis, osteoarthritis, a major depressive disorder,

04  anxiety disorder, and alcohol abuse severe.   Step three asks whether a claimant's impairments

05  meet or equal a listed impairment.   The ALJ found plaintiff's impairments did not meet or

06  equal the criteria of a listed impairment.

07       If a claimant's impairments do not meet or equal a listing, the Commissioner must

08  assess residual functional capacity (RFC) and determine at step four whether the claimant has

09  demonstrated an inability to perform past relevant work.   The ALJ found plaintiff had the RFC

10  to perform light work, except that she can use her hands occasionally and can perform simple,

11  repetitive tasks.   With that RFC, the ALJ found plaintiff unable to perform any past relevant

12  work.

13       If a claimant demonstrates an inability to perform past relevant work or has no past

14  relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

15  claimant retains the capacity to make an adjustment to work that exists in significant levels in

16  the national economy.   With consideration of the Medical-Vocational Guidelines and the

17  testimony of the VE, the ALJ found that plaintiff could perform other work, such an usher and

18  call-out operator.   The ALJ, therefore, concluded plaintiff was not under a disability from

19  February 1, 2010 through the date of the decision.

20       This Court's review of the ALJ's decision is limited to whether the decision is in

21  accordance with the law and the findings supported by substantial evidence in the record as a

22  whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

02 reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

03 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which

04 supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278

05 F.3d 947, 954 (9th Cir. 2002).

06 Plaintiff argues the ALJ erred in assessing the degree of her functional limitations at

07 step two, and in failing to include a social limitation in the RFC or hypothetical proffered to the

08 VE. She requests remand for an award of benefits or, in the alternative, for further

09 administrative proceedings.[3] The Commissioner argues the ALJ's decision is supported by

10 substantial evidence and should be affirmed.

Functional Limitations Assessment

12 Upon identification of a colorable claim of mental impairment, an ALJ must apply a

13 "special technique[.]" 20 C.F.R. §§ 404.1520a(a), 416.920a(a); *Gutierrez v. Apfel*, 199 F.3d

14 1048, 1051 (9th Cir. 2002); and *Keyser v. Comm'r, Soc. Sec. Admin.*, 648 F.3d 721, 725-26 (9th

15 Cir. 2011). An ALJ's decision must include a specific finding as to the degree of mental

16 limitation in each of four broad functional areas: activities of daily living; social functioning;

17 concentration, persistence and pace; and episodes of decompensation. §§ 404.1520a(c), (e);

18 416.920a(c), (e).

19 / / /

20

21      3 The Court takes note of a number of errors in the briefing submitted by counsel for plaintiff.
For example, neither the Opening Brief, nor the Reply brief contained a title or noting date, as is required
22 by Local Civil Rule 7(b)(1). Counsel also failed to include the correct name of the undersigned. The
Court advises counsel to take greater care in her submission of briefing to this Court.

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01  A.      Daily Activities

02          Plaintiff first argues the ALJ erred in assessing only a mild restriction in activities of

03  daily living.   The ALJ explained this finding as follows:   "For example, the claimant is able to

04  attend to personal care and prepare simple meals[.]"   (AR 33 (citing AR 556, 594).)

05          Plaintiff contends the cited record from Dr. Jeff Teal does not support a finding of only

06  mild limitation.   Dr. Teal stated:

07          She does some reading, and she does cooking, shopping, and cleaning on a
            paced basis depending on her physical condition.   She reports that she is
08          usually independent in all instrumental activities of daily living, but that she has
            arthritis flare ups she needs assistance with getting her clothing on and off and
09          occasionally with personal care.

10  (AR 556.)   Plaintiff avers that the ALJ failed to account for the increased limitations during her

11  rheumatoid arthritis flares, noting that both sustainability of function and the ability to

12  undertake activities independently are considerations in the functional limitation assessment.

13  §§ 404. 1520a(c)(1), 416.920a(c)(1).

14          Plaintiff also challenges the reliance on a record from Dr. Steven Johansen, who noted

15  she is able to maintain personal hygiene independently, prepare simple meals, and perform

16  common household chores, and appeared capable of managing her finances without assistance.

17  (AR 594.)   Plaintiff argues that, when viewed in the context of his entire opinion and the record

18  as a whole, this evidence only lends a mere scintilla of support for the ALJ's determination.

19  She points to her own reports and testimony as to her limitations (AR 61-65, 317-22), and

20  observations in medical providers' reports as to her difficulty with activities of daily living

21  during arthritis flare ups, as well as panic attacks while driving or riding in a vehicle (AR

22  377-78, 431, 479, 556, 671).   (*See also* AR 594 (Dr. Johansen also found marked limitations in

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

01 | other areas, and stated plaintiff's prognosis was guarded due to her physical limitations and

02 | persistent pain).)

03 |     In addition to the report from Dr. Johansen and the observations of Dr. Teal, the record

04 | contained an opinion from State agency reviewing physician Dr. Beth Fitterer finding plaintiff

05 | had only a mild restriction in activities of daily living, an opinion later affirmed by Dr. Steven

06 | Gardner.  (AR 90, 116.)   It is not accurate, therefore, to state that the record contained only a

07 | scintilla of evidence supporting the ALJ's finding.

08 |     Also, the ALJ provided a number of reasons for not finding plaintiff fully credible,

09 | including a lack of objective support, inconsistent objective evidence, evidence of

10 | improvement with medication management and increased symptoms at least in part secondary

11 | to no treatment, inconsistent statements regarding alcohol use, and inconsistent statements as to

12 | why plaintiff stopped working.   (AR 35-37.)   Plaintiff does not challenge the ALJ's

13 | credibility finding, and her reliance on her own statements and testimony is not compelling in

14 | light of the clear and convincing reasons provided for finding her less than fully credible.

15 |     In sum, considering the medical opinion evidence and the ALJ's credibility finding,

16 | plaintiff fails to demonstrate reversible error in relation to the daily activities finding.  The

17 | ALJ's conclusion has the support of substantial evidence.

18 | B.    Social Functioning

19 |     Plaintiff also asserts error in the assessment of only mild difficulties in social

20 | functioning. The ALJ followed up this finding as follows:   "For example, the claimant was

21 | consistently cooperative on multiple mental evaluations and during treatment[.]"   (*Id*. (citing

22 | AR 550-63, 378, 600, 609, 612, 614).)

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01    While conceding that the record supports she was generally cooperative during

02 evaluations and treatment, plaintiff avers the record does not support she is capable of

03 appropriate conduct with the public.  She notes a long-standing history of anxiety problems,

04 occurring often when she drives or rides in a vehicle (*see*, *e.g.*, 366, 377, 431, 479, 556, 593),

05 and that all of the medical evaluators in the record support some sort of social functioning

06 limitation (*see* AR 90, 94 (Dr. Fitterer), AR 120, 129 (Dr. Gardner), AR 552 (Dr. Teal), and AR

07 594 (Dr. Johansen)).  Plaintiff maintains the ALJ's determination rests on a mere scintilla of

08 evidence and, therefore, cannot be upheld.

09    The Commissioner argues the ALJ's finding was sufficient given the observation as to

10 plaintiff's behavior during evaluations and treatment, and also points to the ALJ's credibility

11 findings.  Because this issue is tied closely to plaintiff's challenge to the ALJ's consideration

12 of the medical evidence and RFC assessment, it is discussed below.

13                          Medical Evidence, RFC Assessment, and VE Hypothetical

14    As plaintiff observes, the record contains opinion evidence supporting a limitation in

15 plaintiff's social functioning, specifically in relation to public contact.  Plaintiff argues the

16 ALJ erred in rejecting such evidence, and in failing to include a related limitation in the RFC

17 assessment and hypothetical proffered to the VE.  Plaintiff stresses the relevance of this issue

18 given the VE's testimony that there would not be jobs in the national or regional economy a

19 person could perform with the combination of a limitation to only occasional use of the hands

20 and an inability to have contact with the public.  (AR 69-70.)  An analysis of this issue first

21 requires consideration of the medical opinion evidence.

22    In considering plaintiff's impairments at steps two and three, Drs. Fitterer and Gardner

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -7

01 | assessed a moderate limitation in social functioning.  (AR 90, 116.)   The explanation included

02 | that plaintiff's "anxiety reported to be minimal with medication management[,]" that overall

03 | findings on examination "indicates only mild limitations, but she is likely to intermittently have

04 | difficulties with sustain [sic] attention and pace due to subjective experience of pain[,]" and that

05 | "[s]ocially, she can be expected to interact appropriately with others on a superficial level[,]"

06 | and plaintiff "is capable of productive employment."   (*Id.*)   In assessing plaintiff's RFC, Drs.

07 | Fitterer and Gardner found plaintiff moderately limited in interacting appropriately with the

08 | public and getting along with coworkers or peers without distracting them or exhibiting

09 | behavioral extremes, with the following narrative explanation:   "Subjective experience of pain

10 | and intermittent psychological issues with [sic] periodically affect ability to relate appropriately

11 | with general public and coworkers."   (AR 94, 133.)

12 | Dr. Teal, in July 2010, assessed a mild limitation in social functioning.  (AR 375.)   He

13 | noted plaintiff had "panic attacks sometimes when riding/driving[]" and, in the narrative

14 | portion of the form, reflected plaintiff's report that her last full blown panic attack was two

15 | months prior, that she can usually "prevent" such attacks by "recognizing symptoms early and

16 | avoiding driving or riding in a car[,]" and that plaintiff denied any other anxiety symptoms.

17 | (AR 376, 378.)   However, in February 2011, Dr. Teal assessed a moderate limitation in

18 | maintaining appropriate conduct in public contacts, and mild limitation with limited public

19 | contacts.  (AR 552.)   He again described plaintiff's "[o]ccasional panic while driving/riding

20 | (AR 553), and also noted inconsistent information regarding plaintiff's alcohol use, stating:

21 | "May be consuming more than self reporting."  (AR 561.)   Also, in both July 2010 and

22 | February 2011, Dr. Teal acknowledged plaintiff's reports of chronic pain and observed that her

01 disability or limitations were "primarily physical."   (AR 376-78, 551-53.)

02       Finally, in December 2011, Dr. Johansen noted plaintiff's report of a long history of

03 anxiety, major panic attacks while driving, and anxiety symptoms with less intensity, and

04 opined that "anxiety symptoms markedly impede her ability to maintain appropriate behavior,

05 particularly in public or limited public environments."   (AR 592-93).   He found plaintiff's

06 prognosis guarded "due to medical condition, physical limitations, and persistent pain[,]" and

07 that, while "[r]easonable improvement can be expected with treating anxiety and depression, . .

08 . her global capacity for employment will not likely improve substantively."   (AR 594.)

09       The parties agree that the ALJ was required to provide clear and convincing reasons for

10 rejecting the uncontradicted medical opinion evidence that plaintiff was limited in her ability to

11 tolerate public contacts.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   The ALJ

12 assessed the opinion evidence as described below.

13       The ALJ accorded "less weight" to the assessed moderate limitation in social

14 functioning by Drs. Fitterer and Gardner.   (AR 38.)   He explained:

15       In the narrative, which carries significantly more weight, Dr. Fitterer indicated
        that the claimant's subjective experience of pain and intermittent psychological
16       issues will periodically affect her ability to relate appropriately with the general
        public and coworkers.   The undersigned does not find this tantamount to being
17       a significant functional limitation.   Moreover, the claimant did not show
        significant social difficulties during the course of treatment or on exam.   While
18       she was noted to be tearful and/or anxious during mental status exams, she was
        able to cooperate and complete evaluations.   Further, the claimant did not
19       present as tearful or anxious during other medical appointments.

20 (*Id*., internal citations to record omitted.)

21       The ALJ likewise accorded "less weight" to Dr. Teal's February 2011 finding of a

22 moderate limitation in relation to public contact "given the claimant's alcohol abuse at the

01 time."   (*Id*.)    He noted Dr. Teal's observation that "alcohol use could exacerbate all

02 symptoms, which are all worse since resuming alcohol use[.]"   (*Id*. and AR 552.)

03       The ALJ gave "little weight" to the relevant opinions of Dr. Johansen.   (AR 39.)   He

04 stated:

> At the time of the evaluation, the claimant was not engaged in any form of
> mental health treatment, including medication management and counseling.
> The claimant reported that she had stopped taking medications for several
> months.   Moreover, the psychologist likely relied on the claimant's self-report
> of which there are credibility concerns.   The claimant was less than candid with
> Dr. Johansen about her alcohol history. On that occasion, the claimant told the
> psychologist that she had last consumed alcohol 2 years earlier.

09 (AR 39, internal citations to record omitted.)

10       The ALJ also included observations in the credibility assessment relevant to his

11 consideration of the medical opinion evidence.   For example, in pointing to mental evaluation

12 evidence, the ALJ noted plaintiff's cooperative and appropriate behavior on some occasions,

13 and on other occasions that plaintiff was tearful or had a "rigid/tense" presentation with

14 "'marked' signs of anxiety and depression."   (AR 36.)   He pointed to evidence of decreased

15 panic symptoms and greatly improved mood with medication, and evidence of poorly

16 controlled anxiety and failure to follow prescribed treatment.   (*Id*.)   Also, with respect to

17 alcohol, the ALJ stated:

> Inconsistent statements by the claimant concerning her alcohol use raise another
> significant credibility concern.   The claimant provided varied accounts of when
> she last consumed alcohol.   For example, during a 2012 mental intake
> assessment, the claimant said she last used alcohol in 2009.   Yet, in 2011, the
> claimant tested positive for alcohol.   During that time, the claimant insisted that
> she had not been using alcohol.   However, treating rheumatologist, Daniel
> Sager, M.D., questioned whether the claimant had alcohol on her breath during
> an [sic] medical visit.   Moreover, during a mental health evaluation in 2010, the
> claimant reported that she had been clean and sober for almost 3 years.   Yet,

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -10

01  just a week earlier, the claimant admitted that she used alcohol quite heavily on the weekends. Examining psychologist Jeff Teal, Ph.D., reported that the

02  claimant had given inconsistent reports regarding alcohol use, stating that she may be consuming more than self-reporting. Such inconsistencies put the

03  claimant's general veracity into question and weaken the reliability of her self-report.

04

05 (AR 37, internal citations to record omitted.)

06   The Commissioner concedes error in the ALJ's reliance, in part, on plaintiff's alcohol

07 abuse to discount the effects of her symptoms. She points to the Ninth Circuit's decision in

08 *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), which requires an ALJ to, first,

09 identify disability under the five-step procedure and, second, conduct a drug abuse and

10 alcoholism (DAA) analysis to determine whether substance abuse was material to disability.

11 The Commissioner maintains any error was harmless, in that it did not prejudice plaintiff's

12 claim, *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006), and that

13 the decision retains the support of substantial evidence, *Carmickle v. Commissioner, Soc. Sec.*

14 *Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The Commissioner notes that the ALJ earlier

15 cited plaintiff's inconsistent statements about her alcohol abuse – to be distinguished from any

16 effects of the abuse itself – as evidence that her self-reports were likely to be misleading. She

17 argues it follows that any medical opinion relying on such misleading reports could not be

18 entirely accurate, and that the ALJ would have reached the same conclusion even without citing

19 the effects of alcohol as a reason to doubt the intensity of plaintiff's symptoms. The

20 Commissioner otherwise argues only that plaintiff's interpretation of the medical evidence is

21 insufficient to justify overturning the ALJ's decision, noting the ALJ is the "final arbitrer" in

22 resolving medical evidence ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

01 | 2008).

02 |       A claimant is not entitled to disability benefits "if alcoholism or drug addiction would .

03 | . . be a contributing factor material to the Commissioner's determination that the individual is

04 | disabled."  42 U.S.C. § 423(d)(2)(C).  Therefore, where relevant, an ALJ must conduct a

05 | DAA analysis and determine whether a claimant's disabling limitations remain absent the use

06 | of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935.  As stated above, the ALJ must, first,

07 | identify disability under the five-step procedure and, second, conduct a DAA analysis to

08 | determine whether substance abuse was material to disability.  *Bustamante*, 262 F.3d at 955.

09 | "If the remaining limitations would still be disabling, then the claimant's drug addiction or

10 | alcoholism is not a contributing factor material to his disability. If the remaining limitations

11 | would not be disabling, then the claimant's substance abuse is material and benefits must be

12 | denied."  *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007).

13 |       The ALJ in this case found alcohol abuse a severe impairment.   He went on to consider

14 | plaintiff's impairments with consideration of the impact of her substance abuse, according less

15 | weight to Dr. Teal's opinion given that abuse, and rejecting Dr. Johansen's opinion, in part,

16 | given plaintiff's failure to be fully candid regarding her alcohol history.   The ALJ, therefore,

17 | erred by failing to first separate out the impact of plaintiff's alcohol abuse.  *Bustamante*, 262

18 | F.3d at 955.   The Commissioner correctly notes that an ALJ may properly discount a plaintiff's

19 | testimony based on a lack of truthfulness about substance use, *Verduzco v. Apfel*, 188 F.3d

20 | 1087, 1090 (9th Cir. 1999), and may discount a physician's opinion based on a claimant's less

21 | than credible statements, *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009).

22 | However, in this case, the ALJ's muddled consideration of plaintiff's alcohol abuse prevents a

01  clear finding that the ALJ's error was harmless.[4]

02       The Court further questions whether the ALJ otherwise provided clear and convincing

03  reasons for finding an absence of any social limitations.  The ALJ concluded the opinions of

04  Drs. Fitterer and Gardner that plaintiff's pain and intermittent psychological issues would

05  "periodically affect ability to relate appropriately with the general public and coworkers[]" (AR

06  94) was not "tantamount to being a significant functional limitation."  (AR 38.)  This

07  statement is conclusory and would have, at the least, benefited from additional discussion.  In

08  addition, while the ALJ may have appropriately considered plaintiff's presentation during

09  medical evaluations and appointments as a relevant factor in the analysis, it remains that,

10  despite that presentation, all of the physicians found plaintiff limited in regard to social

11  functioning to some degree.

12       Moreover, while the ALJ may have reasonably rejected a total limitation on interaction

13  with the public, he does not provide substantial evidence support for rejecting a lesser degree of

14  limitation, such as a limitation to only occasional, superficial, and/or infrequent contact.  For

15  example, the report from Drs. Fitterer and Gardner could arguably be read to support an ability

16  to interact with others on "a superficial level" (AR 90, 116), while Dr. Teal assessed only a mild

17  limitation with limited public contacts (AR 552).  Further, while the VE testified a complete

18  inability to interact with the public would eliminate any jobs at step five, it is not clear his

19  testimony would support such a conclusion with consideration of a lesser degree of limitation.

20  For example, while he was not proffered a specific hypothetical and did not provide any

21  _____

22       4 Among other arguments raised, plaintiff avers the record does not show affirmative evidence
of alcohol use after January 20, 2011.  (Dkt. 12 at 9 (citing AR 567, 574).)  However, plaintiff testified
in the April 19, 2012 hearing that she last drank three months prior to the hearing.  (AR 67.)

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -13

01  definitive job numbers, the VE mentioned jobs involving interaction "at least by phone[,]" and

02  possible jobs with minimal or infrequent contact with the public.   (AR 70-73.)

03       In sum, plaintiff demonstrates reversible error in the consideration of the medical

04  opinion evidence, implicating both the RFC assessment and the hypothetical proffered to the

05  VE.   Further, the error demonstrated at step four raises a question as to the ALJ's earlier

06  consideration of plaintiff's degree of limitation in relation to social functioning.   This matter

07  is, therefore, subject to a remand.

08                                    Remand

09       The Court has discretion to remand for further proceedings or to award benefits.  *See*

10  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).   The Court may direct an award of

11  benefits where "the record has been fully developed and further administrative proceedings

12  would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.

13  2002).

14       Such a circumstance arises when: (1) the ALJ has failed to provide legally
     sufficient reasons for rejecting the claimant's evidence; (2) there are no
15       outstanding issues that must be resolved before a determination of disability can
     be made; and (3) it is clear from the record that the ALJ would be required to
16       find the claimant disabled if he considered the claimant's evidence.

17  *Id*. at 1076-77.

18       Plaintiff argues that, because all of the medical source evidence supports a finding of

19  limited contact with the public and there are no jobs allowing for that limitation in conjunction

20  with the assessed hand limitation, no useful purpose would be served by additional

21  proceedings.    However, as stated above, the ALJ found and the VE testified as to a limitation

22  on *any* contact with the public, not a limitation to some lesser degree of or limited public

01 contact.  As also stated above, the VE's testimony does not clearly preclude a finding of a

02 significant number of jobs at step five with some modified degree of limitation on public

03 interaction.  Also, as the Commissioner observes, an ALJ has not yet considered whether

04 plaintiff's alcohol abuse is a contributing factor material to the determination of disability.

05        The issue of the degree of limitation on public contact and the absence of a proper DAA

06 analysis are outstanding issues that must be resolved and, given those outstanding issues, it

07 cannot be said that the ALJ would be required to find plaintiff disabled if he considered the

08 evidence.    Accordingly,  this  matter  should  be  remanded  for  further  administrative

09 proceedings.

10                                    **CONCLUSION**

11        For the reasons set forth above, this matter should be REMANDED for further

12 administrative proceedings.

13        DATED this 12th day of June, 2013.

14

15                                    _____
                                      Mary Alice Theiler
16                                    United States Magistrate Judge

17

18

19

20

21

22

REPORT AND RECOMMENDATION
RE: SOCIAL SECURITY DISABILITY APPEAL
PAGE -15